# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-30872
Summary Calendar

MAURICE JULIAN GRAHAM,

Plaintiff-Appellant,

VERSUS

MICHAEL W. MURPHY; CADILLAC OF METARIE, INC.;
MURPHY-GRAHAM, INC.; MURPHY-GRAHAM NISSAN, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

April 3, 2001

Before SMITH, BENAVIDES,
and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maurice Graham appeals a summary judgment in favor of Michael Murphy, Cadillac of Metarie, Inc., Murphy-Graham, Inc. and Murphy-Graham Nissan, Inc. (collectively,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Murphy-Graham"), on Graham's claims arising out of the business dealings among the parties. The district court found, in a well-reasoned opinion, that under the plain language of a release clause, Graham waived all the claims at issue.

Graham and Murphy entered into a business relationship to own and manage car dealerships, forming Murphy-Graham. In his personal capacity, Graham loaned money to Murphy-Graham, acting in his capacity as officer and director to approve and execute the

agreements on behalf of Murphy-Graham. When the relationship between Murphy and Graham soured, Graham entered into an agreement with Murphy-Graham for Murphy-Graham to buy out Graham's interest in the business. As part of that agreement, Graham agreed to waive all future claims arising out of the relationship:

> For and in consideration of the purchase price, Julian Graham does hereby waive, release, acquit, and forever discharge any and all claims, rights, or interests he may have in any action at law or in equity, against Michael W. Murphy and [Murphy-Graham] arising from or in any way related to Julian Graham's position as a shareholder, officer, director, and/or employee of [Murphy-Graham] . . . .

The parties agree that the language is unambiguous and that, under Louisiana law, we may not look outside the four corners of the contract. *See* LA. CIV. CODE ANN. art. 2046. Graham contends, however, that the loans relate to his status as a creditor of Murphy-Graham, not as an shareholder, officer, director, or employee, as required to fall under the release clause. Nonetheless, Murphy-Graham assertsSSand Graham does not contestSSthat Graham, acting in his capacity as officer and director of Murphy-Graham, either executed or authorized each of the loans on behalf of the corporation.

For that reason alone, the loans arose from his position as director and officer of Murphy-Graham, placing them well within the subject matter of the release clause. The district court therefore properly granted summary judgment, because any claims relating to the loans between Graham and Murphy-Graham are barred by the defense of release.

AFFIRMED.